UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:16-CR-111-TAV-DCP ) |
| DAVID ROSS MORRISON, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Defendant appears to request compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 36]. However, defendant has not alleged or demonstrated that he requested compassionate release from the warden of his facility, so he has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. Because the exhaustion requirement is a mandatory prerequisite to the Court's consideration of the merits of his request, defendant's motion is **DENIED** without prejudice.

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018 amended § 3582(c)(1)(A) to modify one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on a motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or after the lapse of thirty (30) days

from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. § 3582(c)(1)(A). If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.*

Defendant appears to request relief under § 3582(c)(1)(A)(i), arguing that his "health is getting worse" and that due to the COVID-19 pandemic he will no longer undergo a surgery that was scheduled for some unspecified time and noting general concern related to his exposure to COVID-19 while incarcerated.[1] While defendant claims he has received only

---

[1] Defendant makes various other arguments in his pro se motion, none of which provides a basis for the Court to grant the relief sought. Specifically, he states that he was denied halfway house designation because he is homeless but that he should have been released "sometime in 2019" and "should be able to go [to] Mtn Home Medical Center" because he is a veteran. Halfway house placement, however, is a matter within the discretion of the Bureau of Prisons. 18 U.S.C. § 3624(c). Viewing the BOP as being in a far superior position to determine the appropriate time and manner of community reentry, the Court would decline any invitation to make a recommendation in this regard. Defendant also alleges that the BOP and FMC Lexington have violated his rights. While such allegations could possibly provide a basis for a civil claim, defendant does not explain how these violations would entitle him to release. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). For these reasons, the Court rejects these arguments.

2

"excuses and no action from the staff" at FMC Lexington [Doc. 36 p. 1], he does not indicate that he has filed a request with the warden of his facility to bring a compassionate release motion on his behalf.  Thus, it appears he has neither "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" nor waited for thirty (30) days "from the receipt of such a request by the warden of defendant's facility" before bringing the instant motion.  § 3582(c)(1)(A).  He therefore has not satisfied the statutory prerequisite to the Court's consideration of the merits of his request for compassionate release, *id.*, a prerequisite the Court lacks the authority to waive.  *See United States v. Alam*, 960 F.3d 831, 834–36 (6th Cir. 2020).  Accordingly, defendant's motion [Doc. 36] is **DENIED** without prejudice.

    IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE